# COURTS OF APPEALS,

## STATE OF KANSAS.

### NORTHERN DEPARTMENT.
#### EASTERN DIVISION.

### J. C. HENTZLER v. WILLIAM BRADBURY.

#### No. 80.

1. PUBLIC ROAD—*petition insufficient or required notice not given, proceedings for laying out, void.* The presentation of a proper petition, and the giving of the statutory notice of the hearing thereof, under chapter 77, Laws of 1859, are conditions precedent to any authority to be exercised by the board of supervisors of a township for the laying out of a public road therein; and if a sufficient petition be not presented, or the required notice not given, the action of the board establishing a public road must be held to be unauthorized and void.

2. ———— *jurisdiction of proceedings to lay out, not presumed.* Where the powers of a board are special, and limited to be exercised only on certain conditions, necessary jurisdictional facts must be shown, and will not be presumed.

3. ———— *jurisdiction existing, subsequent errors and irregularities will not make proceedings void.* When there is jurisdiction to act, mere errors and irregularities in the subsequent proceedings of a board will not render them void.

4. ———— *width as laid out not shown, minimum legal width presumed.* In the absence of evidence of the width to which a public road was laid out, it will be presumed to have been laid out to the minimum width provided by law.

5. ———— *none of it abandoned because entire legal width not actually used for public travel.* No part of a legally laid out and established public highway will be held to be abandoned, from the mere fact that it was actually used for public travel only to the extent of half its legal width, the other half being cultivated by adjoining land owners.

1—5 KAN. APP.

2       HENTZLER v. BRADBURY.

N. Dept.       Opinion.   Garver, J.       5 Kan. App.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed December 29, 1896. *Reversed.*

*S. B. Isenhart*, for plaintiff in error.

*H. C. Safford*, for defendant in error.

GARVER, J. This case was submitted at the March, 1896, term of this court, but its consideration and decision have been delayed until this time because of a question of jurisdiction. Being of the opinion that the controversy herein was not one having a money value, within the meaning of section 9 of the act creating the Court of Appeals, (ch. 96, Laws 1895,) and, therefore, that this court, within the rule recently announced by us in the case of *Stephens v. Moore*, 4 Kan. App. 757, had no jurisdiction, we certified the record to the Supreme Court. But that court, not agreeing with our views on the question of jurisdiction, returned the case to this court, and it is now here for decision.

By this action the plaintiffs in error sought to enjoin the defendant in error, as road overseer, from entering upon, and appropriating for a public road, a portion of their lands in Shawnee County. The road overseer justified his action under and by virtue of certain proceedings had before the supervisors of the township in which said land was situated; by which, it was claimed, a public highway had been laid out on and through said lands under and in accordance with an act of the Legislature entitled "An act to Provide for Locating and Working Highways," approved February 4, 1859, (ch. 77, Kan. Stat. 1859.) The injunction prayed for was denied by the Circuit

Court of Shawnee County, and from such decision this appeal has been taken.

This case rests for its proper determination upon the proceedings of the Board of Supervisors of Topeka Township, in Shawnee County. If such proceedings were regular and valid, the action of the plaintiff must fail. The evidence shows that, in 1859 and prior thereto, there was a traveled track, or wagon road, running north and south near the half-section line through sections 6 and 7, township 12, range 16, in Shawnee County; that, about July 9, 1859, a petition, in proper form, was presented, signed by twenty-three persons purporting to be resident free-holders of said township, asking the Board of Supervisors to lay out a public highway commencing at the north line of said section 6 and running on the half-section line through said section and through a part of section 7; that this petition and the laying out of said road were subsequently considered at different meetings by said Board of Supervisors, and, finally, on December 28, 1859, it was ordered that the prayer of the petition be granted. A survey and plat of the proposed road was subsequently filed. At that time, the land over which the road was to be opened was unenclosed and without obstruction to public travel; but the traveled track, thereafter and up to the time of the commencement of this action, continued, as before, on the west side of the half-section line. Subsequently, and probably very soon after the order was made to open the road, a hedge was planted on or near the half-section line through section 7 — the land on the east side being cultivated, and the public travel confining itself exclusively to the west side of said half-section line. In 1891 the road overseer for that district cut down a portion of said hedge, and was about to enter upon

4    HENTZLER v. BRADBURY.

N. Dept.          Opinion.    Garver, J.          5 Kan. App.

the land on the east side of said half-section line for the purpose of appropriating so much thereof as was necessary to open, on said half-section line, a public road sixty-six feet wide. The question is whether a public road had been legally established on this line.

The record of the proceedings of the Board of Supervisors, which was introduced in evidence, fails to show any finding that the petition for the road was signed by the requisite number of resident free-holders, or that the statutory notice was given of the meeting of the supervisors to view the proposed road; and no attempt was made upon the trial to supply such omission by other evidence. The presentation of a proper petition and the giving of the statutory notice were jurisdictional. Without them, the board had no authority to act. The foundation of its jurisdiction was a petition signed by six or more free-holders residing in the township. The next jurisdictional step, the statute, (ch. 77, Kan. Stat. 1859,) requires:

1. Petition insufficient, proceedings void.

"SEC. 49. Upon application made to the supervisors for laying out, altering or discontinuing any highway, they shall make out a notice and fix therein a time and place at which they will meet and decide upon such application; and the applicant shall, at least five days previous to such time, cause such notice to be given to all the occupants of the lands through which such highway may pass, which notice shall be served personally, or by copy left with or at the usual place of abode of each occupant of such lands; and such notice shall also be posted up in three public places in said township, at least ten days before the time of such meeting of the supervisors. Every such notice shall specify, as near as practicable, the highway proposed to be laid out, altered or discontinued, and the several tracts of land through which the same may pass."

·The statute also provides :

" SEC. 50. The supervisors, upon being satisfied that the notices required in the preceding section have been duly given, proof of which may be shown, by affidavit or otherwise, as they may require, shall proceed to examine, personally, such highway, and shall hear any reasons that may be offered for or against laying out, altering or discontinuing the same, and shall decide upon the application as they shall deem proper.''

· It will be observed that the notice required by section 49 is not merely for the purpose of giving the land owners an opportunity to claim damages, but it is mainly to enable interested persons to appear for the purpose of offering reasons for or against the laying out of the road. The giving of such notice is jurisdictional. *Troy v. Comm'rs of Doniphan Co.*, 32 Kan. 507 ; *McCollister v. Shuey*, 24 Iowa, 362 ; *The State v. Anderson*, 39 id. 274.

As the board of supervisors had only special juris-

2. Powers special, jurisdiction not presumed.

diction, and its powers were limited to be exercised only on certain conditions, the necessary jurisdictional facts must be shown, and will not be presumed. *Comm'rs of Wabaunsee Co. v. Muhlenbacker*, 18 Kan. 129 ; *Oliphant v. Comm'rs of Atchison Co.*, 18 id. 386 ; *Comm'rs of Chase Co. v. Cartter*, 30 id. 58. A party objecting to the validity of the proceedings of a special tribunal, may, ordinarily, rest upon the record, and if it fails to show jurisdiction, he has made a *prima facie* case. *Oliphant v. Comm'rs of Atchison Co.*, supra. But a jurisdictional fact may be shown *aliunde*, when the record itself does not show the same. *Willis v. Sproule*, 13 Kan. 257–264 ; *Oliphant v. Comm'rs of Atchison Co.*, supra.

Various objections are also made with reference to

6      Hentzler v. Bradbury.

N. Dept.      Opinion.  Garver, J.      5 Kan. App.

other irregularities in the proceedings of the Board of Supervisors ; but, as they are not of a jurisdictional character, we deem them unimportant. When juris-diction has once been acquired, other facts, as a basis for a final order, may be presumed ; and such order cannot be held to be invalid, however erroneous and defective some of the non-jurisdictional proceedings may have been. *Comm'rs v. Harper*, 38 Ill. 103 ; *Pearce v. Town of Gilmer*, 54 id. 25.

3. Jurisdiction acquired, subsequent errors will not avoid.

In the absence of evidence of the width established for the road, it will be presumed that it was laid out of the minimum width provided by law ; which, in this case, would be sixty-six feet. *Willis v. Sproule*, supra ; *Pearce v. Town of Gilmer*, supra.

4. Minimum width presumed.

If the road was legally laid out and established, the mere fact that the public did not use the same to its entire width, would not of itself consti-tute an abandonment of any portion thereof ; and if it was not a legally laid out and established public highway, the use of the ground on the west side of the half-section line would not draw to it the right to use, for a road, other lands outside of that traveled over.

5. Not abandoned because entire width not used.

Because of the failure of the evidence to show that the Board of Supervisors had jurisdiction and au-thority to lay out and establish a public highway over the lands of the plaintiff in error, the judgment will be reversed, and the case remanded for a new trial.