WINDHORST ET AL. *v.* CITY OF INDIANAPOLIS ET AL.

[No. 14,661. Filed January 4, 1934. Rehearing denied April 6, 1934. Transfer denied October 1, 1934.]

*William Bosson* and *David F. Smith,* for appellants.

*Edward H. Knight, James E. Deery, Frederick E. Matson, Harry T. Ice,* and *Matson, Ross McCord & Clifford,* for appellees.

DUDINE, J.—This was an action instituted by some of the appellants herein to declare illegal, null, and void, and to set aside the sewer assessment lien on real

estate lying within the district of the "Thirtieth Street and Hillside Main Sanitary Sewer" in Indianapolis, which lien was fixed by the board of public works of said city, to secure payment of part of the cost of the construction of said sewer. The other appellants thereafter instituted a similar action as to said sewer assessment lien insofar as it affected real estate owned by them. The two actions were consolidated.

Appellee Krenn and Dato Construction Co. was the contractor and builder of the sewer, and the holder and owner of said lien.

Appellees filed separate answers in general denial, and separate second paragraphs of answer alleging facts in estoppel. Appellants filed a demurrer to each of said second paragraphs of answer, each of which demurrers was overruled; whereupon appellants filed a reply in general denial to each of said second paragraphs of answer. Upon the issues thus formed the cause was submitted to the court for trial, and judgment was rendered against appellants, who seasonably filed a motion for new trial which was overruled. Thereupon this appeal was perfected. The only error assigned is error in overruling said motion for a new trial.

The grounds for new trial which are properly presented, are: (1) insufficiency of the evidence to sustain the decision, (2) the decision is contrary to law.

Appellants contend that the court's judgment is contrary to law because the evidence showed that all notices were published in the Indianapolis Commercial, and that only twenty to thirty-five of these papers circulated in the sewer district in which there were five thousand assessments, and hence the Indianapolis Commercial was not a "newspaper of general circulation" as required by law.

Section 10566, Burns 1926 (§48-3901, Burns 1933, §11706, Baldwin's 1934), provides that notice of the

adoption of such resolutions "shall be published once each week for two consecutive weeks in some daily newspaper of general circulation in said city," whose board of public works adopts such resolution. The record in this case shows that it was stipulated by the parties that "a notice of the adoption of said Improvement resolution . . . was given by publication once each week for two consecutive weeks *as required by law*" (our italics). That stipulation is conclusive of the question as to whether or not notice was given as is required by law, and precludes a reopening of such question by either party.

Appellants present several other contentions in support of their motion for new trial none of which contentions attack the jurisdiction of the board of public works. We think that no good purpose would be served in discussing any of said contentions, and this appeal can be properly disposed of without discussing any of them.

It is within the province of the board of public works of Indianapolis to order the construction of sewers within said city (Sec. 10340, Subsec. 7, Burns 1926, §48-1902, Burns 1933, §11472, Baldwin's 1934), and to determine whether the benefits of a proposed sewer will equal the estimated cost thereof (Sec. 10566, Burns 1926, §48-3901, Burns 1933, §11706, Baldwin's 1934), and to determine the respective assessments for its construction (Sec. 10569, Burns 1926, §48-3904, Burns 1933, §11709, Baldwin's 1934).

The judgment of such board as to either of said matters was final and conclusive as to collateral attacks. *Prott* v. *City of Gary* (1931), 94 Ind. App. 37, 175 N. E. 243; *Hibben* v. *Smith* (1901), 158 Ind. 206, 62 N. E. 449, 191 U. S. 310, 48 L. Ed. 195.

Sections 10569 and 10440, Burns 1926, §§48-3904, 48-2701, Burns 1933, §§11709, 11660 Baldwin's 1934, pro-

vide for direct attacks upon such board's judgments in such matters.

The board's judgment as to whether the benefits of a proposed sewer equal the estimated cost thereof can be directly attacked by filing a suit to enjoin the performance of the contract for the construction of the sewer, but such suit must be filed within ten days after such contract is executed, or before the actual commencement of the work thereunder. Sec. 10569-10440, *supra*. *The record shows that the instant suit was instituted after the sewer had been constructed, and accepted, and more than a year after the contract was executed.*

The board's judgment as to the respective assessments could be directly attacked by filing a verified petition in the circuit or superior court of the county in which the city is situated, and having appraisers appointed by such court to reassess the real estate, all as is provided by Sec. 10569, Burns 1926. This, appellants *did not attempt to do.*

The board having had jurisdiction of the subject matter, and of the parties, and appellants having failed to exercise the rights of direct attack upon the judgments of the board of public works, as provided by law, they have had their day in court, and they are bound by such judgments. *Anheir* v. *Fowler* (1913), 53 Ind. App. 535, 102 N. E. 108; *Griggs* v. *City of Vincennes* (1921), 78 Ind. App. 21, 134 N. E. 503; *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321.

The proceeding instituted by appellants was a collateral attack upon judgments of the board of public works of Indianapolis, which did not attack the jurisdiction of the board. If the trial court did commit error, which we do not suggest, such error would not

prejudice any rights of appellants, because appellants had no right to make such a collateral attack.

Judgment affirmed.