### NEFF ET AL. *v.* CITY OF INDIANAPOLIS ET AL.

[No. 26,385. Filed November 21, 1935.]

*Merle N. A. Walker,* for appellants.

*Edward H. Knight, James E. Deery, Herbert M. Spencer and Pickens, Davidson, Gause, Gilliom & Pickens,* for appellees.

FANSLER, J.—This is an action by appellants seeking to enjoin the vacation of a street under legislation by the board of public works of the city of Indianapolis pursuant to section 10351, Burns 1926, §48-2001, Burns 1933, §11644, Baldwin's 1934. Demurrers to the complaint were sustained, which action of the court is assigned as error.

But, first, we are confronted with a motion to dismiss the appeal, which questions the sufficiency of the service of process to bring appellees within the jurisdiction of the court. Notices were issued by the clerk to the sheriff, commanding him to notify "the City of Indianapolis" and "The Pennsylvania Railroad Company" of the appeal. The notices described the cause correctly and indicated that it was an appeal from the Marion circuit court in which appellants were plaintiffs and "the City of Indianapolis, Indiana, and the Pennsylvania Railroad Company were defendants." The sheriff made return as to the notice to the Pennsylvania Railroad Company as follows: "Served on the within appellee The Pennsylvania Railroad Co. in the City of Indianapolis Union Station Room 310 Joseph F. Doers, Chief Clerk to Superintendent. He being the highest officer found in my bailiwick, by reading to and within his hearing, this 18 day of November, 1930." This return sufficiently shows proper service. Return upon the notice to the city is as follows: "Served on the within Nov. 14th 1930 by reading to and within the hearing, this 14 day of Nov., 1920." In addition, there is indorsed upon the bottom of the notice the following: "Acknowledged service this 17th day of November,

1930. James E. Deery City Atty." Afterwards, upon the order of the Appellate Court, the sheriff certified that "he served the notice of said appeal to the city of Indianapolis, Indiana, by reading to and within the hearing of James E. Deery, the city attorney of said city. The Mayor of the City of Indianapolis being absent from the city as this affiant was informed and believed, and he makes this as his corrected return as directed by the court so to do."

Where service of notice of a vacation appeal is necessary, service upon an attorney, and not upon the principal, will not suffice. *Tate* v. *Hamlin et al.* (1895), 149 Ind. 94, 41 N. E. 356; *Abshire et al.* v. *Williamson* (1898), 149 Ind. 248, 48 N. E. 1027. But service of notice is not absolutely essential, and an appearance will obviate the necessity of notice. *Rich* v. *Starbuck* (1873), 45 Ind. 310; *Lowe* v. *Turpie et al.* (1896), 147 Ind. 652, 44 N. E. 25; *Perkins et al.* v. *Indiana Mfg. Co. et al.* (1915), 58 Ind. App. 220, 108 N. E. 165.

The record in the office of the clerk, of which the notice and return are part, indicates that service upon the city had been had upon someone, and that the attorney for the city, whose right and duty it was to represent the city in all cases, including appeals, had "acknowledged service." By its motion to dismiss, the appellee, City of Indianapolis, is seeking now to assert that there was no service upon it, in spite of the fact that its statutory officer, whose duty and right it is to appear for it as attorney, had acknowledged that it had been served.

In *Lowe* v. *Turpie et al., supra,* it appears that a joinder in error was indorsed on the record and signed by the attorneys for the appellees. It was held that this was an appearance and no notice to appellees was required.

In *Kirkpatrick, etc., Co.* v. *Central Electric Co.* (1903), 159 Ind. 639, 65 N. E. 913, it appears that an action was brought against the appellant corporation. A summons was issued for Christian Kirkpatrick, the president of, and Elmer J. Binford, the secretary of and attorney for, the corporation. It was served upon the individuals named by reading. Afterwards the attorney for the plaintiff served a notice of the taking of depositions upon Binford, the attorney, who, in writing, acknowledged service thereof, signing himself as attorney for defendant. In the notice the cause of action was entitled *"Central Electric Company* v. *The Kirkpatrick Construction Company."* The depositions were taken and filed. The defendant was not represented when the depositions were taken. Afterwards, in open court, there was a motion to publish the depositions in the presence of Binford, the attorney. Binford inspected and examined them and made no objection to publication. Afterwards the attorney for the defendant agreed to a continuance of the case, and there was a notation on the docket showing that the defendant appeared by Binford, its attorney, and the cause was continued. Afterwards, on the day set for trial, the plaintiff appeared by its attorney, and the defendant or its attorney did not appear, and judgment was taken by default. It was held that the conduct of the attorney constituted an appearance; that he was bound to know who the defendant was. It was not claimed that he did not have have authority to appear for the defendant.

An appearance by an attorney, or the filing of a brief upon the merits, waives the necessity for notice of the appeal. *Cleveland, C. C. & St. L. Ry.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164.

Attorneys are officers of this court and of the courts of this state. It is quite common for them to enter ap-

pearances, waive notices, or file pleadings, which are the equivalent of an appearance, for their clients, without their authority being questioned, and their right to appear is presumed. *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117. An appearance is prima facie evidence of authority to appear. *Castle* v. *Bell et al.* (1896), 145 Ind. 8, 44 N. E. 2.

Neither by the motion to dismiss the appeal, nor in any other manner, is it shown that the attorney who acknowledged service was without authority to appear for the city of Indianapolis, nor is it suggested that he exceeded his authority in acknowledging service. If further evidence of the authority of the city attorney to represent the city were necessary, it is furnished by the record which discloses that he appeared for the city in the court below and appears for it in this court upon its motion to dismiss and upon the merits. The statute authorizes and requires him to represent the city in causes pending against it, and in this respect he is in much the same situation as was the attorney for the Kirkpatrick corporation in the case above referred to. It is urged that there was no case pending against the city until service was had, and that he had no right to appear or represent it where there was no case pending. But the same contention might be made in every case where an attorney appears for a client before the client is served with notice of the action, and it cannot avail. The writ was sufficient upon its face. The original return made by the sheriff was sufficient to show service, although it afterwards developed that there was, in fact, no service. *Holsinger* v. *Dunham* (1858), 11 Ind. 346. The statutory attorney for the city, a member of the bar and an officer of this court, acknowledged in writing upon the back of the notice, which is part of the records of this court that "service" had been had. In *Chicago, L. S. & S. B. Ry. Co.* v. *Sanders* (1917), 63 Ind. App. 586, 114 N. E. 986, it is

said: " 'Service' has been defined as 'the delivery or communication of a pleading, notice or other paper in a suit, to the opposite party, so as to charge him with the receipt of it, and subject him to its legal effect.' Burrill, Law Dictionary; 35 Cyc. 1432." An acknowledgment of service by a party or his attorney must be construed to be an acknowledgment of legal service. When that acknowledgment is filed with the clerk of this court, by an attorney representing himself as the attorney for an appellee, it will be presumed that he has authority to represent the appellee and to acknowledge service in·its behalf, just as authority to enter an appearance or take any other step is presumed, until it is made to affirmatively appear that he had no such authority. The motion to dismiss is overruled.

It is alleged in the complaint that prior to the adoption of the resolution complained of the board of public works adopted a resolution providing for the elevation of the tracks of the Pennsylvania Railroad Company under section 10515 et seq., Burns 1926, §48-3401, Burns 1933, and pursuant to that action, entered into a contract for the construction of the work provided for; that the work involved the depression of the grade of Oriental and other streets, and the construction of tracks over and across the streets; that thereafter, and before the construction of the track elevation, a resolution was adopted by the board of public works vacating 97 feet of Oriental street immediately north of the north line of Southeastern avenue, which is that portion of the street which will be covered and.occupied by the embankment which will carry the tracks of the Pennsylvania Railroad Company when the street is closed and the vacation proceedings go into effect as contemplated by the resolution. It is alleged that in the vacation proceedings the board of public works violated the provisions of the statute governing the vacation of streets by limiting the beneficially affected district to property abutting on the

portion of the street vacated, and by failing to award damages or assess benefits to appellants, whose property abuts on Oriental street "so adjacent to such portion of such street so proposed to be vacated as to create for the property of these plaintiffs a cul de sac, entirely eliminating the southern egress and approach from the southern portion of such city to and from the property of these plaintiffs." It is further alleged that the proposed vacation was for the sole and only purpose of relieving the city and the Pennsylvania Railroad Company of the expense of constructing a subway as provided for under the track elevation resolution.

Appellants contend that "the vacation of a street in connection with a track elevation plan should be carried out and determined according to the track elevation statute. The special statute on the special subject supersedes the general statute with reference to vacation of streets for such special purpose of track elevation." But we cannot assume, nor does it appear, that the determination to vacate the street was influenced or affected by the track elevation plan. The vacation proceeding here attacked is under a statute which has no relation whatever to track elevation. It is clear, however, that the track elevation statute does not supersede the general statute in respect to the vacation of streets. Section 10524, Burns 1926, §48-3410, Burns 1933, provides: "This act shall not repeal any of the provisions of 'An act concerning municipal corporations,' approved March 6, 1905, and all acts amendatory and supplemental thereto, but this act shall be deemed and taken to be supplemental to said acts." The statute under which the vacation proceedings were had, section 10351, Burns 1926, §48-2001, Burns 1933, is section 97 of the Act of 1905 (Acts 1905, ch. 129, p. 282) above referred to.

The fourth section of the track elevation statute provides, among other things: "The action of the board as

to the necessity and convenience of such improvement and of the extent or manner thereof, or plans and specifications thereof, and the allotment of the work thereof and apportionment of the cost thereof shall be final and conclusive upon all persons." Appellants interpret this provision to mean that when the board of public works finally determines what streets are to be left open and what streets are to be vacated in the track elevation proceeding, that determination becomes final and conclusive, and that the streets which the track elevation plans leave open must forever remain open and those that are closed must forever remain closed, and that the city has no further power or discretion with respect to opening or vacating such streets. We cannot concur in this view.

In regulating streets and in vacating them, cities exercise legislative sovereignty. The control of streets involves a discretionary power which is continuous and never exhausted. Expediency or the public welfare might require the vacation of the street for reasons wholly disconnected with and unaffected by the track elevation plans. The statute authorizing the vacation of streets provides that whenever the board of works shall desire to vacate any street, alley, or public place, it shall adopt a resolution to that effect, describing the property which may be injuriously or beneficially affected, and shall cause notice to be published fixing a date upon which remonstrances shall be heard; that such board shall consider the remonstrances, if any, and thereupon take action which shall be final and conclusive upon all persons. Thus the legislature has vested absolute discretion as to the vacation of streets in the board of public works. It was said by this court in *Spiegel et al.* v. *Gansberg et al.* (1873), 44 Ind. 418, that courts have nothing to do with the expediency or inexpediency of vacating streets or alleys, and that the only question which courts will consider is whether the

power vested in the city has been exercised according to law. See, also, *Indiana Railway Co.* v. *Calvert et al.* (1907), 168 Ind. 321, 80 N. E. 961.

Nor when its action is attacked need the city come into court and announce the reasons which prompted it to determine that public necessity or convenience required the vacation of the street, and demonstrate the soundness of its judgment, since courts cannot substitute their judgment upon such questions for the judgment of the officers in whom discretion is vested by the legislature. If it be admitted, as alleged in the complaint, that the sole purpose of the vacation was to relieve the city and the railroad company of the expense of constructing a subway, the court cannot substitute its judgment for that of the board of works as to the sufficiency of the reason. It is clearly apparent, however, that other considerations may have prompted the action.

Appellants attack the regularity of the vacation proceedings, and assert that their property was not included in the beneficially affected district as described in the resolution and in the subsequent proceedings. The statute provides that, upon the final order of vacation being made, the board shall cause to be prepared a list of the owners of property which will be injuriously affected and a list of the owners of property which will be beneficially affected by such work, together with a description of each piece of property affected, and that benefits and damages shall be awarded; that a notice shall be served upon the owner of each piece of property showing the amount of assessment or award, and fixing a date for hearing of remonstrances with respect to awards or assessments. There is a provision for the publication of notice of the proposed vacation; and it is provided that "persons not included in the list of such assessments or awards, and claiming to be entitled to the same, shall be deemed to

have been notified of the pendency of the proceedings by the original notice of the resolution of the board." It is also provided that any person notified, or deemed to be notified, may appear and remonstrate and be heard, and that any person not satisfied with the action of the board upon remonstrance may appeal to the circuit or superior court of the county upon the question of assessments or awards of damages.

The record discloses no defect or irregularity in the proceedings of the board of public works. Appellants' criticism seems to be based upon the fact that their property was not included in the list or roll of owners of property injuriously affected. But, obviously, the list would contain only the names of the owners of property which the board at the time of making the list deemed to be injuriously affected. Their right to be heard was fully protected by the provisions of the statute which permitted them to appear and remonstrate, and be heard upon the question of benefits or damages. If they did appear and were dissatisfied their remedy was by appeal, and not by collateral attack upon the proceeding. If they did not appear they have waived their right to be heard.

We find no error.

Judgment affirmed.