INDIANAPOLIS RAILWAYS, INC. *v.* CITY OF
INDIANAPOLIS ET AL.

[No. 28,698. Filed May 4, 1951. Rehearing denied June 11, 1951.]

Bobbitt, C. J., and Gilkison, J., not participating.

*Gilliom, Armstrong & Gilliom* of Indianapolis; and *Arthur C. Van Duyn,* of Greenfield, for appellant.

*Edward H. Knight,* Corporation Counsel; *Michael B. Reddington,* City Attorney, and *Byron P. Hollett,* Assistant City Attorney; *Warrick Wallace; Dan R. Winchell;* and *Baker & Daniels,* all of Indianapolis, for appellees.

JASPER, J.—This is an action brought by appellee, City of Indianapolis, for a declaratory judgment, under § 3-1101, Burns' 1946 Replacement, to have the trial court declare the rights of the parties under the grade separation statutes, §§ 48-3401 to 48-3410, inclusive, Burns' 1950 Replacement (Acts 1923, ch. 152, p. 425, as amended by Acts 1933, ch. 25, p. 116), and §§ 55-1810 to 55-1812, inclusive, Burns' 1951 Replacement (Acts

1939, ch. 41, p. 167) ; and, by appellant's answer in two paragraphs, to have §§ 48-3401 to 48-3410, inclusive, and § 55-1810, declared unconstitutional in their application to Indianapolis Railways, Incorporated, in this case.

All of the evidence was stipulated by the parties. The judgment of the trial court declared the rights of the parties, and that appellant is liable for 5 per cent. of the cost. The trial court held the statutes constitutional in their application to appellant.[1]

Error is alleged in the overruling of the motion for a new trial.

The stipulated evidence reveals that appellee, The Indianapolis Union Railway Company, operates a steam railroad system, commonly known as the "Belt Railroad," whose tracks cross Shelby Street, in Indianapolis, which street is not a part of the state highway system; that on June 26, 1925, the Board of Public Works of the City of Indianapolis adopted Track Elevation Resolution No. 19, which was confirmed on August 7, 1925, at which time appellant operated an electric street car line on Shelby Street over double street car tracks across the tracks of the steam railroad; that on September 17, 1945, appellant filed with the Board of Public Works and Sanitation of the City of Indianapolis its petition to discontinue electric street car service over Shelby Street, and to substitute motor bus service, which petition was approved by resolution. A petition was also filed with the Public Service Commission for discontinuance of street car service, and substitution of bus service, which petition was granted, and street car service was ordered abandoned upon substituting motor bus service. A Certificate of Public

---

[1] See *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321.

Convenience and Necessity was issued by the Public Service Commission for the operation of motor busses over Shelby Street. On February 8, 1946, the Board of Public Works and Sanitation of the City of Indianapolis adopted a Supplemental Track Elevation Resolution numbered 19-C, modifying Track Elevation Resolution No. 19, to which appellant and appellee, The Indianapolis Union Railway Company, among others, were made parties. A hearing was set upon such Supplemental Resolution for March 6, 1946, and proper notices to all of the parties involved were issued, published, and served. On March 3, 1946, appellant placed in operation its motor busses, and on March 4, 1946, removed its street car rails, and took down its electric wires for more than two hundred feet on each side of the steam railroad tracks. On March 5, 1946, appellant filed a remonstrance and objections to the confirmation of Supplemental Track Resolution No. 19-C, for the reason that it had no tracks down, and that if it was apportioned 5 per cent. of the cost it would be unconstitutional. On March 6, 1946, the Board of Public Works and Sanitation, after a hearing, confirmed the Supplemental Track Elevation Resolution. The resolution, among other things, provided that appellant should participate in the cost of the grade separation at Shelby Street in accordance with the method and manner provided by law. No appeal was taken from the confirmation of such resolution. The grade separation was duly undertaken and completed. Appellant has refused to pay its 5 per cent. of the cost.

Appellant, by way of answer to the complaint, attacked collaterally the order of the Board of Public Works of the City of Indianapolis. In *McEneney et al.* v. *The Town of Sullivan* (1890), 125 Ind. 407, 410, 411, 412, 25 N. E. 540, 541, Judge Elliott, speaking for the court, said:

"The attack made upon the proceedings of the corporate officers is a collateral one, and it is well settled that upon such an attack only defects or irregularities affecting the jurisdiction can be made available. Any other rule would break down the distinction between collateral and direct attacks and open the way to great wrongs and abuses. But upon this question the authorities are quite well agreed; indeed, the only phase of the question upon which there is diversity of opinion is as to what shall be considered jurisdictional facts. Our own cases uniformly hold that upon such an attack as the present only such questions as affect the jurisdiction can be considered."

The court further said:

"The record shows that a petition was presented to the town trustees, and that they adjudged it to be sufficient. This was an adjudication upon a jurisdictional fact, and it is conclusive against a collateral attack. For many years and by many decisions it has been held by our court that the decision of an inferior tribunal upon jurisdictional facts is conclusive where the attack is collateral and not direct."

This we feel to be the rule to be applied in the case before us.

Appellant contends that the Legislature never granted to the city the right to apportion costs in grade separations, and further contends that if the Board of Public Works did apportion the costs its action was void because the statutes of this state did not give the board jurisdiction to do so, and such action was therefore unconstitutional under section 1 of the Fourteenth Amendment to the Constitution of the United States and section 21 of article 1 of the Constitution of Indiana.

If the Legislature did confer the right to apportion the costs of construction, and they were apportioned,

then appellant would be bound by its failure to appeal from the order of the board. Section 48-3401, Burns' 1950 Replacement, among other things, confers upon the Board of Public Works jurisdiction of the alteration, elevation, or depression of steam railroad tracks crossing any highway or highways in the City of Indianapolis; and further confers jurisdiction over steam railroads or electric railways whose tracks are affected by such proceedings after notice. Section 48-3402, Burns' 1950 Replacement, provides for the apportionment of expenses, which must be considered with § 55-1810, Burns' 1951 Replacement, which provides for the division of costs in grade separations, and will be later discussed. Section 48-3404, Burns' 1950 Replacement, provides, among other things, for an appeal, as follows:

". . . The action of the board as to the *necessity* and *convenience of such improvement* and of the extent or manner thereof, or plans and specifications thereof, and the allotment of the work thereof *and apportionment of the cost thereof shall be final and conclusive* upon all persons; Provided, *That any person, firm or corporation deeming himself or itself aggrieved by such order of said board may appeal therefrom to the circuit or superior court of the county in which such city is located within twenty (20) days from the entry of such order. Such appeals shall be conducted pursuant to and in accordance with the provisions of an act, being chapter 143 of the Acts of 1919, entitled 'An act concerning appeals from boards of public works and boards of park commissioners of cities, in all matters where appeals are now or may hereafter be allowed by law, repealing all laws in conflict herewith, and declaring an emergency,'* approved March 14, 1919, or in accordance with any law amendatory thereof, supplemental thereto, or re-enacting similar procedure, either heretofore or hereafter enacted." (Emphasis supplied.)

Section 55-1810, Burns' 1951 Replacement, being chapter 41 of the Acts of 1939, § 1, p. 167, provides, among other things, for the separation of grades of railroads at intersections of public streets or highways, and that when the separation is constructed the railroad or railroads shall pay not exceeding 20 per cent. of the total cost of the grade separation; and that if more than one railroad crosses the intersection, the cost is to be agreed upon between them; and, upon failure to agree, the circuit court, upon application of either party, shall determine the division of the amount to be paid by said railroads, which decision shall be final unless appealed to this court. This section further provides that an electric railroad whose tracks occupy the street or highway at the point of grade separation shall pay 5 per cent. of the total cost of grade separation, and that the steam railroad or railroads shall pay 15 per cent. If a street or highway used as a state highway is involved, then the state shall pay 80 per cent. of the cost; and if the street is not a part of the state highway system, then the city shall pay 40 per cent. of the cost, and the county shall pay 40 per cent. thereof. If neither a city nor state highway is involved in a grade separation, then the county must pay 80 per cent. There are still other provisions for the cost where there is an entirely new and additional grade separation, and also where the grade separation replaces or eliminates grade separation or grade crossing.

Section 55-1811, Burns' 1951 Replacement provides, among other things, that this act shall be supplemental to existing laws.

It is to be noted that § 55-1810, *supra*, sets out formulas for the division of costs, but makes no attempt to apportion the division, whereas § 48-3402, Burns' 1950 Replacement, provides for the apportionment of the costs. The Legislature, in

setting up the *division of costs*, under chapter 41 of the Acts of 1939, § 1, p. 167, did not attempt to apportion the costs, and therefore did not repeal the right of the Board of Public Works to apportion the costs of the grade separation as provided in the division of costs. It is to be noted that in both § 48-3402 and § 55-1810, *supra,* a street railway company, where the highway is occupied by its tracks, is responsible for 5 per cent. of the costs; but, in addition, under § 48-3402, the Board of Public Works is given the right to apportion 5 per cent. to the street railway company.

At the time of the adoption of a grade separation resolution, the Board of Public Works must give notice to all persons interested, and to the steam railroads and street railways involved, and it is therefore necessary for the Board of Public Works to apportion the costs as provided by the Legislature. We do not feel that the apportionment of costs has been automatically made by the Legislature, as the persons involved may differ in different cases. In the case now before us, not only is there a steam railroad and a street railway involved, but also the City of Indianapolis, the Town of Woodruff Place, and Marion County. Without an apportionment of the costs under the division of costs provided for by the Legislature, it would be left to guess who were to participate, and what portion of the cost each of the parties participating was to pay. The apportionment is made by the Board of Public Works as provided under the statute. Section 48-3402, Burns' 1950 Replacement, *supra.* The Legislature did not therefore resolve to itself the right to apportion the costs. It set the division of the costs and the formula for dividing them, but left to the Board of Public Works the right of apportioning the costs as

divided. Webster's New International Dictionary, Second Edition, defines "division" as follows:

"1. Act or process of dividing anything into parts, or state of being so divided; separation; distribution."

And defines "apportionment" as follows:

"The division of rights or liabilities among several persons entitled or liable to them in accordance with their respective interests . . ."

The Legislature divided the costs, and left to the Board of Public Works the apportionment of the costs as divided. The statutes are not in conflict, nor does § 55-1810 repeal the apportionment provision under § 48-3402.

Appellant further contends that the Board of Public Works had no jurisdiction over it, because the tracks were taken up before Supplemental Track Elevation Resolution No. 19-C was confirmed. The record reveals that the Supplemental Track Elevation Resolution was *adopted* at the time appellant's tracks were down, and that proper notices were served upon appellant; that it was after the notices were served on appellant that appellant took up its tracks, this being two days before the date set for hearing on remonstrances. Appellant filed its remonstrance, and the board confirmed[1a] Supplemental Track Elevation Resolution No. 19-C as it was adopted. The board had jurisdiction of the subject matter and of the parties as of the date of the adoption of the resolution and the obtaining of service upon appellant. Right or wrong, appellant was bound by the resolution as

[1a] See *Horner* v. *Daily* (1922), 77 Ind. App. 378, 381, 382, 133 N. E. 585, 586, for a definition of "confirm."

adopted and confirmed, and upon its failure to appeal from the order as provided by statute heretofore set out, the order became final,[2] and appellant was bound by the order to participate and pay 5 per cent. of the total cost of the elevation. *Board of Com'rs* v. *State ex rel. Gibson* (1948), 226 Ind. 633, 82 N. E. 2d 891.

The order of the Board of Public Works not being appealed, it became final and cannot be collaterally attacked. *McEneney et al.* v. *The Town of Sullivan, supra; Neff* v. *City of Indianapolis* (1935), 209 Ind. 203, 198 N. E. 328; *Mead Construction Co.* v. *Wilson* (1929), 200 Ind. 443, 164 N. E. 313; *City of Indianapolis* v. *Dillon* (1937), 212 Ind. 172, 6 N. E. 2d 966; *Shirk* v. *Hupp* (1906), 167 Ind. 509, 78 N. E. 242, 79 N. E. 490.

Because of what we have heretofore said, we find no violation of section 1 of the Fourteenth Amendment to the Constitution of the United States or of section 21 of Article 1 of the Constitution of Indiana.

Judgment affirmed.

Bobbitt, C. J., and Gilkison, J., not participating.

NOTE.—Reported in 98 N. E. 2d 505.

---

[2] See *Windhorst* v. *City of Indianapolis* (1934), 99 Ind. App. 225, 188 N. E. 328.