ELLIOTT *v.* CITY OF INDIANAPOLIS ET AL.

[No. 29,406.   Filed May 29, 1957.   Rehearing denied
October 3, 1957.]

*Emsley W. Johnson, Jr., Ben J. Weaver, William Traylor* and *Johnson & Weaver*, all of Indianapolis, for appellant.

*Earl Townsend* and *Townsend & Townsend*, of Indianapolis, for all appellees except City of Indianapolis.

*Michael B. Reddington*, Corporation Counsel, *John J. Dillon*, City Attorney and *James E. Noland*, Asst. City Attorney, all of Indianapolis, for appellee City of Indianapolis.

ACHOR, J.—The Board of Public Works of the City of Indianapolis appropriated certain real estate owned by the appellant for the opening of a street under its statutory power of eminent domain. Appellant appealed his case to the trial court under §48-2112, Burns' 1950 Repl. (Acts 1933, ch. 15, §12, p. 37.)

The issues were formed by the appellant's complaint (plaintiff in the lower court), which alleged that the action of the board was unfair, in that the final roll showed no benefits and no damages, whereas appellant alleged that a fair award of damages would be $25,000.00.

The essential facts in the case are as follows: On March 12, 1953, the Indianapolis Board of Public Works adopted a Declaratory Resolution, numbered 17034, which condemned a strip of ground 15 feet in width off the entire east side of appellant's real estate for the opening of Catherwood Avenue.

On March 26, 1953, the City of Indianapolis notified Edward B. Andrews, owner of record of said ground, in writing, by mail, of a hearing to be held on the aforesaid Resolution on April 16, 1953. At the hearing on said date, said Andrews and appellant, who was then the present owner of the land, filed their written remonstrance, and appellant was told that he would be notified of further action by the board. On May 28, 1953, the board approved the primary roll showing no benefits and no damages, and ordered the necessary notices for a final hearing.

Thereafter, on June 10, 1953, notice was again mailed to Andrews and addressed to him at 625 North East 3rd *Street*, Fort Lauderdale, Florida. However, this notice was mis-sent as Mr.Andrews resided at 625 North East 3rd *Avenue*, Ft. Lauderdale, Florida, which is a different street than that to which the notice was mailed. This notice was returned to the Board of Public Works after the final hearing on June 2, 1953, and before the time of the trial in the Circuit Court, endorsed "No Such Number C23 yj" "No Such # Ave C-33 HH" and "Return to Writer For Better Address." No notice was given to appellant.

On July 2, 1953, the board held the hearing on the final assessment roll, as advertised, and confirmed the roll which showed no benefits and no damages to appellant. On the afternoon of July 3, appellant's attorney learned of the action of the board and telephoned a member of the board who then permitted him to file a written remonstrance and instructed the clerk of the board to stamp it "Received July 2, 1953." Thereafter appellant filed his appeal from the board's decision to the Circuit Court of Marion County. The appellee, City of Indianapolis, then filed an answer in

that court in compliance with Rule 1-3 of this court, denying the allegations of appellant's appeal.

The other appellees then filed a motion to dismiss the appeal to the trial court on the grounds that no written remonstrance was filed by appellant with the board on or before the date fixed for final adoption of the assessment roll. This motion was overruled. However, the issue was presented to the court during the trial of the case and the court made a finding upon the issue, stating that appellant had failed to file a written remonstrance on or before July 2, 1953, which was the date fixed for approval of the final assessment roll. On the basis of this finding the trial court decreed that appellant take nothing by his complaint and that the action of the said board be affirmed.

The question we are required to determine is whether appellant's remedy was with the board under §48-2117, Burns' 1950 Repl.[1] or by appeal to the Circuit Court under §§48-2109, Burns' 1950 Repl. and 48-2112, *supra*.

Under the facts presented, we conclude that the appellee board did not serve appellant with sufficient notices to meet the requirements of the statute and that he is entitled to have the determination of July 2nd vacated as to him.

---

1. "The board shall also have at any time full power, by supplementary proceedings begun of its own motion . . . to reconsider and reopen, as to any persons *so petitioning* or notified, any or all such assessments of benefits, except as otherwise limited herein, or any other matters related thereto in said proceedings, and to rescind, adjust, amend, alter, correct, supply, or modify the same, by increasing or decreasing respectively the amount of any or all such awards or assessments, or by adding *or eliminating any thereof*; or to remedy by any method and means as aforesaid any *errors*, irregularities, omissions, or other defects of any kind or character in any of the proceedings, *or in any assessment or damage roll*, or parts thereof, that the board finds to be inequitable, or that do or might affect the legality and validity of that part of the proceedings, or of any such assessments or awards, or the liens thereof; . . ." §48-2117, Burns' 1950 Repl. (Our italics.)

Since the Indianapolis Board of Public Works is a statutory board of limited jurisdiction, the burden of proving its jurisdiction is upon the board,[2] and they must be strictly followed.

The statute controlling the jurisdiction of the board in these proceedings is §48-2109, *supra*. Said section first provides for the manner of service of notice to all interested persons. It then expressly provides as follows:

". . . such notice shall also name the day and hour fixed by the board, . . . at which time the said board will, at its office, receive, file and hear written remonstrances of all such persons to and upon the amounts assessed as benefits or awarded as damages, or both thereof, against any such remonstrants' property respectively on said roll, and will hear all other persons interested, or appearing, and that the board will determine the question as to whether such property has been or will be either benefited or damaged by said improvement in the amount named on said roll, or in a greater or less sum than that named on said roll, or in any sum. On the date, and until the hour so fixed by such notice, the board or the clerk thereof shall receive and file all such written remonstrances upon the amounts of such awards or assessments, as stated in the notice, and *no such remonstrance shall be received or filed thereafter. . . .*" (Our italics.)

The statute which authorizes appeals from the action of the board is §48-2112, *supra*, which reads in part as follows:

"Any owner of or person having an interest in property so assessed benefits, or awarded damages, as aforesaid, shall have the right to take an appeal from the board's decision thereon to the circuit or superior court of the county in which said city is

2. '73 C. J. S., §166, p. 435. *Special Indemnity Fund* v. *Prewitt* (1949), 201 Okla. 308, 205 P. 2d 306; *Hentzler* v. *Bradbury*, 47 Pac. 330, 5 Kan. App. 1.

located; *Provided, however, That such owner or person has filed a written remonstrance with said board in the manner and on the date fixed by the notice for the hearing,* as hereinbefore provided, *and that such appeals shall be confined solely to the persons so appealing . . ."* (Our italics.)

The above statutes clearly state the procedure which must be followed. Under the facts presented the board had no jurisdiction to determine an award of damages as to appellant. Neither did the board have jurisdiction to receive a remonstrance filed after the time fixed by its notice to interested parties. Appellant, who had *not* "filed a written remonstrance with said board in the manner and on the date fixed by the notice for the hearing (§48-2112, *supra*)," had no right to appeal from the assessment roll as adopted at such hearing and to require the Circuit Court to review the evidence and reassess appellant's damages. Rather, appellant's remedy and the procedure to which the board is confined is expressly provided by §48-2117, *supra*.

Judgment is therefore reversed and the court is directed to remand the proceedings back to the appellees with instructions to set aside the final assessment roll as to the appellant and to proceed further as provided by §48-2117, *supra*.

Judgment reversed.

Arterburn, C. J., Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 911.