CITY OF INDIANAPOLIS v. JOHN CLARK, INC., ET AL.

[No. 30,336. Filed March 9, 1964. Rehearing denied September 30, 1964.]

*Michael B. Reddington*, Corporation Counsel, *John J. Dillon*, City Attorney, and *Stanley Talesnick*, Assistant City Attorney, all of Indianapolis, for appellant.

*Donald A. Schabel, Harry M. Stitle, Robert D. Risch, Goeffrey Segar, Evan E. Steger*, and *Ross, McCord, Ice & Miller*, of counsel, all of Indianapolis, for appellees.

ACHOR, J.—This is an appeal for temporary injunction issued by the Circuit Court of Marion County which prohibited the appellant from "doing any and all acts to carry out the project set forth in Improvement Resolution No. 17988 of the Board of Public Works of the City of Indianapolis." In said Resolution, as modified, appellant undertook to take certain of appellees' property by eminent domain, pursuant to Acts 1933, ch. 15, §1, *et seq.*, p. 37, being §§48-2101—48-2124, incl., Burns' 1963 Repl., described as the " 'Eminent Domain Act for First Class Cities.' " [§48-2102, Burns' 1963 Repl.]

The sole question which must be decided in this action is whether the Circuit Court of Marion County

had jurisdiction over this particular subject-matter. The answer to this question in turn rests upon a determination as to whether appellees' exclusive remedy is that prescribed by the special statute [§48-2101, *et seq., supra*] under which the condemnation proceedings were instituted by the appellant, or whether, because of errors committed by appellant in such proceedings, the proceedings for review therein provided are inadequate to protect appellees' constitutional rights and, therefore, that appellees having no adequate remedy at law are entitled to the equitable relief herein granted by the trial court.

The sequence of events which occurred prior to the filing of appellees' complaint for injunction against the appellant, is stated by appellant substantially as follows:

Prior to November 14, 1961, the Standard Oil Company (The American Oil Company) was the owner of the real estate involved in this litigation. On November 28, 1961, a deed was recorded from American Oil Company to Roselyn Bakeries, Inc. A quit claim deed was recorded from Roselyn Bakeries, Inc. to John Clark, Inc., and a lease was recorded from John Clark, Inc. to Roselyn Bakeries, Inc., as lessee.

On December 14, 1961, the Board of Public Works of the City of Indianapolis adopted its Improvement Resolution No. 17988 providing for the condemning of a portion of the said real estate for the purpose of widening the intersection of Michigan Street and Tibbs Avenue, and set a first hearing on said Resolution for January 18, 1962, all pursuant to §48-2101, *et seq., supra.*

On January 2, 1962, notice was sent to the Standard Oil Company of the proposed hearing for January 18, 1962.

Appellees received the notice of the hearing for January 18, 1962, from the Standard Oil Company and appeared in person and filed a written remonstrance to the taking at said hearing.

On January 18, 1962, the Board of Public Works confirmed the said Resolution, as amended, taking the Southeast triangular corner from the subject real estate, containing approximately 1/15 of an acre, and ordered a primary assessment roll prepared awarding damages jointly to Roselyn Bakeries, Inc., and John Clark, Inc., in the sum of $6,082.40, and appellees were advised that they would be notified of the time and date of the hearing as to said damages.

On February 1, 1962, the Board approved the primary assessment roll and ordered the same advertised for hearing on the final roll for March 8, 1962.

On February 20, a defective notice of a public hearing on March 8, 1962, was mailed to John Clark, Inc. addressed to the wrong address. However, on February 21, 1962, the attorney for both appellees appeared and requested a postponement of the final hearing on the assessment roll. On March 8, 1962, and pursuant to said request, the hearing was postponed to March 22, 1962.

On March 22, 1962, the Board held its "final hearing" on the said assessment roll and both appellees were present by their attorney, by their corporate officers, and by their appraiser, and both appellees submitted evidence as to the amount of damages incurred by them. At this hearing, the Board adopted a resolution confirming a final roll of damages to John Clark, Inc. and Roselyn Bakeries, Inc. jointly in the amount of $6,082.40. However, the record book of the Board of Public Works which contained the final assessment

roll and bore the stamp and signatures of the members of the Board, recited that damages were awarded solely to John Clark, Inc. Neither appellee filed a remonstrance as to the finding and decision of the Board made and entered pursuant to said hearing, and neither filed an appeal to the Circuit or Superior Courts from said action of the Board.

However, on April 6, 1962, both appellees filed their "Petition for Supplementary Proceedings" to set aside the final assessment roll and to reconsider and reopen the award of damages and to correct errors, irregularities, ommissions and other defects in the proceedings, and, on April 12, 1962, the Board ordered the same set for hearing on April 26, 1962.

On April 26, 1962, said Supplemental Petition was submitted to the Board and considered by it. The appellees were represented by their attorney and corporate officers. Upon the conclusion of said hearing, a motion was made and seconded for the adoption of a resolution to correct the errors complained of by the appellees and to "reconfirm" the damages to John Clark, Inc. and Roselyn Bakeries, Inc. jointly, in the sum of $6,082.40. However, action on the motion was deferred until a meeting called for May 3, 1962, and the attorney for the appellees was not notified of the meeting and provided copies of the proposed resolution, to be acted upon at said meeting.

On May 3, 1962, after a further discussion of the motion at said hearing, the Board unanimously adopted a resolution correcting the defects of which the appellees were complaining, and reconfirming the award of damages to both appellees. The resolution further stipulated that damages had been awarded jointly to both appellees by the minutes of the Board

even though the assessment roll, before amendment, did not so state, and that the real estate involved was properly described in the records and there was no confusion over the identity of the subject real estate even though it had been improperly described in one notice of hearing.

No remonstrance was filed to the proceedings of May 3, 1962, nor was any appeal taken therefrom to the Circuit or Superior Courts of Marion County. Instead, the appellees filed their complaint for injunction against the alleged wrongful taking of real property. It is from the granting of a temporary injunction on this complaint that the appellant is appealing.

It is appellant's position that although there were procedural errors and deficiencies in said proceedings, the appellees were not thereby deprived of any rights because they appeared at every hearing, filed the contemplated remonstrances and presented evidence at every hearing and made no objection to such defects in the proceedings until after the purported final award of damages as determined on March 22, 1962. Therefore, appellant contends that all *procedural* deficiencies which appellees asserted in their "Supplementary Petition" of April 6, 1962, and of which they now complain, were by them waived. In this we concur.

However, even though appellees, by their appearance and voluntary participation in all aspects of the proceedings, have waived all the many procedural deficiencies therein, the trial court, and this court on appeal, is presented with the problem as to whether, under the statute and circumstances of this case, the appellees are afforded their constitutional right to a judicial review of a final determination of the condemnation proceedings by the Board.

If appellees were, under the statute which created a new substantive right, also afforded procedure for the judicial review of a final finding and determination of these proceedings by the Board, then it follows that they were restricted to the procedure therein provided for such review. *State ex rel. Public Serv. Comm.* v. *Marion C. C.* (1961), 242 Ind. 145, 177 N. E. 2d 397; *Pub. Ser. Comm. et al.,* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; 1 I. L. E. §62, p. 191. However, if appellees were denied an opportunity for such judicial review, then they were justified in resorting to the present collateral suit in equity to secure themselves in their constitutional right not to have their property taken without just compensation. *McAfee* v. *Reynolds* (1891), 130 Ind. 33, 28 N. E. 423; *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145; 19 Am. Jur. §100, p. 108.

Several factors must be considered in resolving this problem.

*One:* As previously noted, although the Board found in its Resolution of March 22, 1962, that Roselyn Bakeries, Inc. owned an interest in the property jointly with appellee John Clark, Inc., and that both corporations were entitled to damages for such taking, the assessment roll awarding such damages, entered of record and signed by the Board, did not include Roselyn Bakeries, Inc.[1] The statute bearing upon this situation provides:

1. The Board of Public Works, in its Resolution of May 3, 1962, pursuant to the petition for Supplementary Proceedings, stated, "5. . . . [T]hrough inadvertence, the Final Assessment Roll of the Board of Public Works recited that said damages were awarded to John Clark, Inc., solely, when in truth and in fact they were awarded jointly to John Clark, Inc., and Roselyn Bakeries, Inc., on March 22, 1962, and that said Assessment Roll is hereby ordered corrected to so recite."

"The board shall render its final decision as to all assessments and awards to conform to its findings in any respects as aforesaid, and shall complete said rolls showing the apportionment and the total amount of special benefits and awards of damages opposite each name and description of each piece of property on said roll. When so completed, said assessment and damage roll, or rolls, shall be delivered forthwith to the department of finance." §48-2109, at page 228, Burns' 1963 Repl.

The Board, like a court, speaks by its record. Obviously, the record of the Board did not constitute a final decision as to all persons for whom, in the finding of the Board, it was determined that an assessment of damages be awarded, as prescribed by the statute. It did not, therefore, constitute a "final decision" as to the assessment roll from which appellees were obliged to appeal, any more than would be true of a judgment in a court of law from which there could have been no appeal, since the decision did not finally dispose of all the issues as to all of the necessary parties in the case. See: West's I. L. E., Appeals, §§25 and 26.

*Two:* The statute provides the procedure whereby errors of this specific character may be corrected, by the filing of a supplementary proceedings. §48-2117, *supra.* The appellees filed a petition for such proceeding. The action taken by the Board pursuant to the petition for supplementary proceedings, filed by appellees on April 6, 1962, was the first and only complete and "final decision" in the proceedings as to both the appellees, from which an appeal to a court could be taken.

We are aware that §48-2117, *supra,* contains the unique provision that if such proceedings are initiated

by the *Board* any petitioner or party to the proceedings may appeal from the action in the manner prescribed by the statute, but it further provides that if the proceedings are initiated by a *party* seeking similar relief the action of the Board "shall be final and conclusive on such petitioners and no appeal shall lie therefrom."[2]

Appellees rely upon this prohibition in the statute, which purports to deny appellees the right of appeal, as supporting their contention that they have no adequate remedy at law and are, therefore, entitled to the equitable relief which they seek in this action for injunction. However, the provision of the statute which would grant the Board, but deny the appellees, as petitioners, the right of appeal, is unconstitutional since it would deny the appellees the right to judicial review and appeal from the first and only final decision of the Board. *Slentz, et al.* v. *City of Fort Wayne, et al.* (1954), 233 Ind. 226, 118 N. E. 2d 484; *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

---

2. ". . . Said supplementary proceedings shall be conducted and concluded as provided for the original proceedings under this act relating to the adoption and confirmation of the assessment roll, or in such substantial conformity thereto as will remedy, supply or correct any such matters, except as any parts of such procedure may be waived in writing by any petitioner or party thereto; and with the same right of remonstrance and appeal as hereinbefore provided, from any final decision thereon, where not expressly waived in writing by the party affected: Provided, That such remonstrance in writing must be filed with the board within five [5] days after the date of its decision is duly made in such supplementary proceedings and that such appeal must be filed and perfected in court within twenty [20] days after the date of the board's decision upon such remonstrance. Said board may also, in its discretion, receive and act upon any petitions filed with it seeking any similar relief, but its action thereon shall be final and conclusive on such petitioners and no appeal shall lie therefrom. . . ." §48-2117, Burns' 1963 Repl.

Based upon the matters above considered, we conclude that the statute [§48-2117, *supra*] must be considered as though the unconstitutional provision "but its action thereon shall be final and conclusive on such petitioners and no appeal shall lie therefrom," were deleted.[3] However, the deletion of the above quoted provision does not operate to leave the appellees without specified procedure for judicial review within the purview of the act itself. Where the provisions of an act are severable, so that one provision which is declared unconstitutional can be deleted without destroying the general purpose or effectiveness of the act, the remaining portions will be upheld as valid. *W. A. Barber Grocery Co.* v. *Fleming* (1950), 229 Ind. 140, 96 N. E. 2d 108; *Perry Tp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296; *Ettinger* v. *Studevent; Hole* v. *Dice* (1942), 219 Ind. 406, 38 N. E. 2d 1000; 82 C. J. S., §94, p. 161. After the deletion of said illegal provision, the reasonable construction of the statute would necessarily contemplate that the otherwise applicable provision regarding appeal would be effective, namely, that:

"... [R]emonstrance in writing must be filed with the board within five [5] days after the date of its decision is duly made in such supplementary proceedings and that such appeal must be filed and perfected in court within twenty [20] days after the date of the board's decision upon such remonstrance. . . ." [§48-2117.]

---

3. It seems apparent that for the same reasons the following provision in §48-2112, Burns' 1963 Repl. is unconstitutional and must be considered deleted therefrom: "The decision and judgment of the court shall be final and conclusive and on all parties thereto, and no further appeal shall be taken. . . ." This provision was written into the act in 1933, prior to *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

· We conclude, therefore, that, under the uncontroverted facts in the case, the appellees have waived all issues in the case except as to the amount of damages assessed and awarded for their property, and that they have an adequate and prescribed procedure at law for obtaining a judicial review of that issue. And, having reached this conclusion, we further conclude that the trial court is without jurisdiction, by either a temporary or permanent injunction to collaterally attack the condemnation proceedings which are the subject of this controversy.

For the reasons herein stated, the trial court is ordered to sustain appellant's motion to dismiss. However, because the statute in express terms, purported to deny appellees any right in the supplementary proceedings herein had, and, whereas, this court has, by this opinion and decision of first impression, held that said provision is unconstitutional, appellees are given the statutory period of five [5] days after the certification of this opinion to file their remonstrance to the determination of the Board in said supplemental proceedings and twenty [20] days after the Board's decision on such remonstrance to file and perfect an appeal in the trial court.

Appellant's motion to dismiss sustained.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., dissents [without opinion].

---

ON PETITION FOR REHEARING.

ACHOR, C. J.—Appellant objects to the opinion and decision of this court as hereinbefore issued for two reasons.

1. Appellant asserts that the court should have denied the appellees any right to judicial review because of noncompliance with the statute [§§48-2110, 48-2117 and 48-4501]. Appellant complains that if the statutes are permitted to be "misused as herein, the taxpayer can drag and stall along and toy with a government unit, and confuse and snarl procedures. The court by its decision thus promotes a misuse of the appropriation procedure of cities." This statement compels us to comment that much of the delay in the proceedings was caused by appellant's own carelessness in the clerical aspects of the proceedings, for which neither the appellees nor this court is chargeable.

2. Appellant asserts that the court's opinion is in conflict with the general rule that if the property owner at a final hearing receives no award, the decree "amounts to a negative finding" as to him, and if he is dissatisfied, "the sole and exclusive judicial remedy is remonstrance and appeal as provided by statute." In support of this statement of the law appellant cites the cases of *Neff* v. *Indianapolis* (1935), 209 Ind. 203, 198 N. E. 328; *Windhorst* v. *Indianapolis* (1934), 99 Ind. App. 225, 188 N. E. 328.

However, the facts in this case do not bring it within the general rule as urged by the appellant. Here, at the hearing on such remonstrance, the Board entered a finding that one of the parties was entitled to an award of damages but simply did not enter a decree to that effect. The only proper procedure under such circumstances was to file a petition asking that the decree be modified, which was the procedure followed by appellees in this case.

Finally, the appellant asks that in event the opinion of this court is permitted to stand, the court

establish "guidelines and standards as to the admissible evidence," on the issue of "damage to a going bakery not in existence at the time of original appropriation." Evidence upon that issue was admitted in the trial court.

We are aware of the authorities cited by appellant in support of its position. However, as it was stated in the opinion heretofore written:

> "The sole question which must be decided in this action is whether the Circuit Court of Marion County had jurisdiction over this particular subject-matter. . . ." [196 N. E. 2d 896, at page 897.]

Thus the measure of damages allowable to appellees is not a proper subject for consideration in this case.

Appellees, in turn, have filed a response to appellant's petition for rehearing in which they also ask that the court modify its opinion in two particulars, but that, in the alternative, it deny appellant's petition for rehearing.

First, appellees contend that because of the many defects in the proceedings before the Board of Public Works this court should have held that such Board was without jurisdiction, and that it was error to hold that appellees "have waived all the many procedural deficiencies therein." This conclusion, appellees assert, "is completely contrary to the holding in *Elliott* v. *City of Indianapolis* (1957), 237 Ind. 287, 142 N. E. 2d 911, and either that case or this must be reconsidered."

However, the case at bar and the Elliott case, *supra*, are distinguishable. In the Elliott case a hearing was had on the final assessment roll and a decree was entered which showed no benefits and no damages to appellant. The hearing in that case was had without

appellant being notified, and without him appearing and filing a remonstrance to the assessment roll as originally published. Later, after learning of the action of the Board, the appellant filed a remonstrance which the Board caused to be dated back to the date of the hearing, so as to permit appellant to file his appeal. In that case, this court held that the decree confirming the roll of benefits and damages was a nullity as to the appellant since he had not been properly notified nor had he appeared and been given an opportunity to be heard before the Board entered its decree as to the final assessment roll.

In that case the Board was not vested with jurisdiction over the hearing in question, either by notice to the appellant or by reason of his personal and timely appearance in the proceedings.

However, in the case at bar, although notices, descriptions, etc., were defective, the condemnees did appear in person and by counsel and filed a timely remonstrance in the proceedings prior to the hearing and determination of the issue which was before the Board. Under these circumstances this action by the appellees constituted a waiver of the above cited defects.

The petition for rehearing is therefore denied.

Arterburn, Landis and Myers, JJ., concur. Jackson, J., dissents.

NOTE.—Reported in 196 N. E. 2d 896. Rehearing denied 201 N. E. 2d 336.