**In the Matter of the YELLOW CAB COMPANY OF BLOOMINGTON, INC., Appellant (Plaintiff Below),**

v.

**Aline WILLIAMS and the Bloomington Human Rights Commission, Appellees (Defendants Below).**

No. 53A04–9012–CV–577.

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1991.

Edward F. McCrea, McCrea & McCrea, Bloomington, for appellant.

Earl R.C. Singleton, Joan Tupin–Crites and David Norville, Community Legal Clinic, Bloomington, for appellee, Aline Williams.

Barbara E. McKinney, Director, Bloomington Human Rights Com'n, Bloomington, for appellee, Bloomington Human Rights Com'n.

MILLER, Judge.

In this appeal, Yellow Cab makes a collateral attack on a Bloomington Human Rights Commission's order to pay damages to Aline Williams, an 88 year old Black woman, who suffered emotional distress when she was both denied the use of a taxi and victimized by the racial slurs of its driver. Yellow Cab's attempt at judicial review of the Commission's order was dismissed for failure to timely file the record of the proceedings with the trial court, and the dismissal was affirmed by this court. When the Commission sought to enforce the order through supplemental proceedings, Yellow Cab claimed the original order was void on its face, alleging the order, contrary to statute, included compensation for emotional distress for racial insult, an element which was held not includable in *Indiana Civil Rights Commission v. Holman* (1978), 177 Ind.App. 648, 380 N.E.2d 1281.[1] The trial court rejected this collateral attack theory, as we do in this appeal. We also reject the Commission's request for attorney's fees based on a claim that the appeal is frivolous.

### FACTS

Williams filed a racial discrimination complaint with the Commission against Yellow Cab Company of Bloomington, Inc., alleging that on April 3, 1988, when she attempted to take a cab to Easter Sunrise Services at her church, she was denied the use of the cab because of her race and the cab driver hurled racial insults at her. Originally, Yellow Cab did not respond to the complaint and after a hearing the Commission entered a default order finding the cab company had deprived Williams of equal access to public accommodations on the basis of race in violation of Bloomington Human Rights Ordinance § 2.21.020 of the Bloomington Municipal Code and ordered corrective action. Yellow Cab sought to vacate the order and gain another hearing. After the second hearing, the Commission reached the same conclusion and ordered Yellow Cab to pay Williams $1,500 to compensate her for the emotional distress caused by the incident. The Commission also ordered Yellow Cab to take action to prevent this type of incident from recurring by posting signs in its cabs, training its drivers and implementing an affirmative action hiring policy. Yellow Cab filed a petition for judicial review with the Monroe Superior Court alleging, among other things, that the Commission had exceeded its statutory authority in awarding Williams damages for emotional distress. The trial court dismissed the petition because Yellow Cab failed to file a record of the Commission hearings within the thirty-day deadline required by Ind.Code 4–21.5–5–13(a). This Court affirmed the dismissal of Yellow Cab's petition for judicial review in a memorandum opinion (filed February 26, 1990), No. 53A01–8911–CV–477. Yellow Cab's petition for transfer was denied on June 6, 1990.

---

1. In *Indiana Civil Rights Commission v. Holman* (1978), 177 Ind.App. 648, 380 N.E.2d 1281, on a *direct* appeal, this court held that the Commission exceeded its statutory authority in awarding damages in the amount of $1,000 for racial insults by a landlord to a tenant. *Accord, Indiana Civil Rights Commission v. Midwest Steel* (1983), Ind.App., 450 N.E.2d 130, (discrimination in employment based on sex); *Crutcher v. Dabis* (1991), Ind.App., 582 N.E.2d 449, Chezem, J., dissenting, (discrimination in housing on the basis of race). In her dissenting opinion in *Crutcher,* Judge Chezem observed that the provisions of the Ind.Code 22–9–1–6 (Indiana Civil Rights Act) authorizes the administrative law judge "to issue an order for such relief as may be appropriate, which may include actual damages suffered by the aggrieved person" and the Commission has the power to "restore the complainant's losses [as] necessary to assure justice." *Crutcher,* at 452. She noted the comparable provision of the Federal Civil Rights Act has been construed to *include* an award for emotional distress and humiliation. *Steele v. Title Realty Co.* (10th Cir.1973), 478 F.2d 380. Judge Chezem pointed out that justice requires making the person whole and, recently, our supreme court recognized damages could include emotional distress. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452. However, we need not reach the issue in deciding the present case.

The Commission then filed a Petition for Civil Enforcement of its order, and the trial court ordered Yellow Cab to comply with the order and pay interest on the damage award. When Yellow Cab did not comply with the order, the Commission filed a Petition in Proceedings Supplemental to force Yellow Cab to pay the damage award pending appeal or post bond. On January 17, 1991, Yellow Cab agreed to comply with all terms of the Commission's final order with the exception of paying the damage award to Williams.

## DECISION

Yellow Cab contends the trial court erred in 1) ordering the enforcement of the Commission's order and 2) finding its claim that the order was in excess of statutory authority was barred by the doctrine of res judicata. It argues that the doctrine does not apply when a party is collaterally attacking a judgment which is in violation of statutory law.

We disagree. There are four elements to res judicata: 1) the former judgment was issued by a court with jurisdiction, 2) that the matter now in issue was or might have been determined in the former suit, 3) the parties (or their privies) are identical, and 4) there was a judgment on the merits. *Cox v. Indiana Subcontractors Ass'n, Inc.* (1982), Ind.App., 441 N.E.2d 222, 225; *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282.[2] It is not necessary that there be an actual trial for res judicata to apply. If the parties had a full legal *opportunity* to be heard on their respective claims but there is no actual hearing because a party misses a statute of limitations—or as is the case here, for a failure to comply with the statutory prerequisites—it is just as much a bar to further litigation as a judgment on the merits. *Creech v. Town of Walkerton* (1984), Ind.App., 472 N.E.2d 226.

Yellow Cab claims the second requirement (matter was or might have been determined in former suit) was not met because the issues are not identical. It claims that in this action the merits of the case are not at issue—and it is merely attacking the validity of a void and illegal judgment. It cites *Collins v. Evansville State Hospital* (1963), 134 Ind.App. 471, 189 N.E.2d 106, for the proposition that an administrative order will not be upheld if any statute, constitutional provision or rule of substantive or procedural law has been violated.

We first observe that *Collins* involved the *direct appeal* of a decision of the workman's compensation board, not a collateral attack. Furthermore, proceedings supplemental are considered a continuation of the underlying claim on the merits and, therefore, cannot be used to collaterally attack the underlying judgment. *Koors v. Great Southwest Fire Insurance Co.* (1989), Ind.App., 538 N.E.2d 259. Even assuming Yellow Cab may challenge the validity of the Commission's order, it must show that the judgment is void rather than merely defective or voidable. *Mishler v. County of Elkhart* (1989), Ind., 544 N.E.2d 149. A void judgment is one rendered by a court—or inferior tribunal—without jurisdiction of a particular case or the parties, as opposed to a *voidable* judgment which is capable of confirmation or ratification. *Trook v. Lafayette Bank & Trust Co.* (1991), Ind.App., 581 N.E.2d 941.

It has long been the law in Indiana that "if a tribunal possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction." *Mishler*, at 152, quoting *Board of Trustees v. City of Ft. Wayne* (1978), 268 Ind. 415, 423, 375 N.E.2d 1112, 1117. *See also Indianapolis Railways, Inc. v. City of Indianapolis* (1951), 229 Ind. 487, 98 N.E.2d 505, (the order of an administrative agency, acting within its jurisdiction and under color of law, is not subject to collateral attack

---

2. Yellow Cab's counsel cites *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282, for the elements of res judicata; however, he inaccurately represents *Popp* as requiring "the issue in second suit [to be] identical to the first." Appellant's Brief, p. 11.

where party failed to appeal from the order as provided by statute.)

In this case, the legislature has granted local governments the authority to create local human rights commissions. IC 22–9–1–12.1(b). The City of Bloomington has an ordinance designating the Commission authority to award compensatory damages to victims of unlawful discrimination in public accommodations. The enabling statute grants local commissions authority to investigate civil rights complaints, appoint hearing examiners, make findings and recommendations, issue orders requiring remedial action, and *"[o]rder payment of actual damages*, except that damages to be paid as a result of discriminatory practices relating to employment shall be limited to lost wages, salaries, commissions, or fringe benefits." IC 22–9–1–12.1(c)(8), (emphasis added). Thus, the Commission has the jurisdiction to determine whether there has been a civil rights violation and to award damages, and, even if its order is erroneous, it is not void and subject to collateral attack. *See, e.g., Spencer v. McGonagle* (1886), 107 Ind. 410, 8 N.E. 266, (a judgment of the court, having subject-matter jurisdiction, ordering the delivery of all property of an intestate married man to his widow, and not to her in trust for his minor children as provided by the statute then in effect, 1 Rev.St.1876, p. 411, § 19, while palpably erroneous, was not void, and could not be collaterally attacked).

■ Next, Yellow Cab argues that the Civil Enforcement provisions in chapter 6 of the Administrative Adjudication Act, specifically IC 4–21.5–6–3(h), permits it to challenge the enforceability of the Commission's order on the basis that the Commission exceeded its statutory authority even though Yellow Cab failed to obtain a judicial review of the validity of the agency order in the first appeal. Ind.Code 4–21.5–6–1, *et seq.* establishes the manner in which an agency, or a party to the agency's order, may obtain enforcement of the agency order from the courts, and 4–21.5–6–3, describes how such action is commenced and dismissed. Section 3(h) provides:

"Except to the extent expressly authorized by law, a petition for civil enforcement may not request and the court may not grant, any monetary payment apart from taxable costs."

This section of the Act, IC 4–21.5–6–3(h), has never been interpreted and its terms are not well-defined. However, we do not agree with Yellow Cab's interpretation. Under the rules for statutory construction, the provisions of a statute must be read in context. *Matter of Middlefork Watershed Conservancy* (1987), Ind.App., 508 N.E.2d 574. This court will give deference to the legislative intent and, where that intent has not been specifically stated, this court will look to the goals sought to be achieved and the reasons and policy underlying a statute. *Id.* Words in a statute are to be given their plain, ordinary, and usual meanings, absent legislative expression to the contrary. *Id.* We presume the legislature expects its enactments to be applied in a logical manner, consistent with its underlying goals and policies, and that the legislature did not intend an absurd result. *Id.*

We first observe that chapter 5 of the Act establishes the *exclusive means* for judicial review of agency action. IC 4–21.5–5–1. This includes a review of whether the agency action is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." IC 4–21.5–5–14(d)(3). We also note the general principle in administrative law that, with a few exceptions, a party must exhaust available administrative remedies before seeking judicial relief and, as a derivative of the general rule, in proceedings to enforce an administrative decision, a defense may be waived by the failure to challenge the action directly. *Indiana State Building and Construction Trades Council v. Warsaw Community Schools* (1986), Ind.App., 493 N.E.2d 800. The object of these rules is to 1) discourage interference with the agency's performance of its special function granted by the legislature, 2) encourage finality in decisionmaking, 3) maintain an orderly judicial process, 4) avoid a multiplicity of suits, and 5) judicial economy. *Id.*

In the present case, Yellow Cab's argument that IC 4-21.5-6-3(h) permits it the opportunity to challenge the Commission's order is nothing more than an attempt to relitigate the issue of whether the Commission acted without authority in making its award—an issue which could have been decided on direct appeal if the appeal had not been dismissed because of Yellow Cab's failure to comply with statutory prerequisites. Permitting a second opportunity for review would defeat the purposes of the rules. Additionally, because the legislature provided for the *exclusive* judicial review of agency decisions in chapter 5— including whether the agency acted in excess of its statutory authority—it is illogical that the legislature would have intended a second opportunity for review in another chapter. Yellow Cab failed to comply with the statutory procedures for obtaining judicial review of this issue and, thereby, lost all rights to judicial review and recourse to the courts on this issue. *May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546. *See also Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114; *Suttmiller v. City of Batesville* (1967), 248 Ind. 391, 226 N.E.2d 893 and *Public Service Commission of Indiana v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308.

We find the provisions of IC 4-21.5-6-3(h) prohibiting a party from requesting "any monetary payment" not expressly authorized by law does *not* permit a party to relitigate the underlying damage award. We think the plain meaning of the statute is that when the agency, or a party, seeks to enforce the order, the trial court cannot add fines, punitive damages, attorney fees, or any other type of damages on its own. If the order contains a monetary award, the trial court can enforce it. Section 3(h) does not, however, provide a negligent defendant a second opportunity to challenge the validity of an administrative agency's order.

We therefore affirm the judgment of the trial court.

■ We also decline the Commission's request for attorney's fees (as authorized under IC 34-1-32-1(b) and Ind. Appellate Rule 15(G)). The Commission claims that Yellow Cab's relitigation of this matter is unreasonable and warrants an award of appellate attorney's fees. The Commission recognizes that our supreme court has held that attorneys should not be punished for making "rational argument for an extension, modification, or reversal of existing law," *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 170, *aff'd* (1989), Ind., 543 N.E.2d 627 (discussing IC 34-1-32-1(b)), because it could have a "chilling effect" detrimental to the attorney's duty to zealously advocate for his client. *Orr v. Turco Mfg. Co.* (1987), Ind., 512 N.E.2d 151, 152, (discussing App.R. 15(G)). However, the Commission suggests that at some point, zealous representation evolves into a "gross abuse of the right to appellate review" which merits attorney's fees. *See Posey v. Lafayette Bank and Trust Co.* (1987), Ind., 512 N.E.2d 155, *cert. denied, Harkrider v. Lafayette Bank and Trust Co.* (1988), 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502.

In *Posey*, our supreme court approved an award of appellate attorney's fees because this court had found bad faith in the appellant's 1) disregard of the form and content requirements of the appellate rules, 2) omission and misstatement of facts in the record, 3) a failure to disclose a previous appeal, and 4) submission of a brief "written in a manner calculated to require the maximum expenditure of time both by [appellee] and by this Court." 512 N.E.2d at 156. However, in *Orr, supra,* our supreme court cautioned that punitive sanctions in the form of appellate attorney's fees should not be imposed to punish lack of merit unless the appellant's contentions and arguments are "utterly devoid of all plausibility" in the sense of lacking "apparent validity, reasonableness, or credibility; and without any connotation of deceptiveness, speciousness, or underlying fallaciousness." *Id.* at 153, n. 3.

While we reject Yellow Cab's arguments, we do not find an abuse which rises to the level of that found to merit a punitive

award in *Posey, supra.* Therefore, we decline to award appellate attorney's fees.

Affirmed.

CHEZEM and CONOVER, JJ., concur.