## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2020, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

James E. Saylor
Carlisle, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Saylor, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana *ex rel*. Department of Workforce Development, <br> *Appellee-Plaintiff* | November 25, 2020 <br><br> Court of Appeals Case No. 20A-CC-343 <br><br> Appeal from the Circuit Court of Lawrence County <br><br> The Honorable Nathan Nikirk, Judge <br><br> Trial Court Cause No. 47C01-0411-CC-1357 |

**May, Judge.**

[1] James E. Saylor[1] appeals the trial court's order granting summary judgment in favor of the State of Indiana *ex. rel.* Department of Workforce Development ("DWD"). He argues the trial court did not have personal jurisdiction over him and the trial court erred in entering summary judgment in favor of DWD. We affirm.

# Facts and Procedural History

## 1. Administrative Action

[2] Saylor received unemployment compensation insurance benefits from July 19, 2003, until November 22, 2003. On April 20, 2004, DWD mailed a determination of eligibility letter to Saylor seeking repayment of the benefits given to Saylor between October 10, 2003, and November 22, 2003, because Saylor was incarcerated during that period and, thus, ineligible for benefits. Saylor requested a hearing before an administrative law judge ("ALJ"), and the ALJ set the matter for hearing on July 1, 2004. Saylor did not appear at the appeal hearing, and the ALJ dismissed Saylor's appeal. The notice of dismissal stated the ALJ's "determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this Notice and shows good cause why the appeal should be

---

[1] Saylor is currently incarcerated in the Indiana Department of Correction serving sentences for Class A felony child molesting, Ind. Code § 35-42-4-3 (1998), and Class B felony vicarious sexual gratification, Ind. Code 35-42-4-5 (2003). His earliest possible release date is February 14, 2075. Indiana Department of Correction Offender Search [https://perma.cc/CVN4-GL73].

reinstated." (Appellee's App. Vol. II at 125.) Saylor did not take any additional action at the administrative level.

## 2. Collection Action

On November 29, 2004, DWD filed a complaint in the Lawrence County Superior Court[2] alleging Saylor had not fully repaid the illegal unemployment benefits he received. DWD moved for default judgment after Saylor failed to appear in the collection action. The court granted the State's motion on September 6, 2005, and entered judgment in the State's favor for $1,731.

Saylor filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B) on June 27, 2016. In his motion for relief from judgment, Saylor stated that he was not aware the court had entered default judgment against him until he learned DWD intercepted his 2015 state and federal income tax refunds. The trial court denied his motion, and Saylor appealed to this court. We held the trial court did not acquire personal jurisdiction over Saylor due to inadequate service, and we remanded the case with instructions for the trial court to vacate the default judgment entered against Saylor. *Saylor v. State*, 47A04-1611-CC-2641, 2018 WL 895547, at *1 (Ind. Ct. App. Feb. 15, 2018). We did not address the other arguments Saylor raised on appeal, concluding the "issues should be addressed on remand." *Id.* at *1 n.3.

---

[2] The case was later transferred to the Lawrence County Circuit Court pursuant to a change in the local rules.

[5] On March 1, 2018, Saylor filed a "Motion for Return of Property Seized by State Agency" in the trial court, and he subsequently amended the motion. (Appellee's App. Vol. II at 2.) In response to Saylor's amended motion, DWD argued,

> as Respondent has submitted himself to the jurisdiction of this Court through his requests for relief and various motions, the Department requests that the Court take judicial notice of its personal jurisdiction over Respondent in this matter, so as to allow the Department to move forward with the proceedings towards obtaining judgment against Respondent.

(*Id*. at 17.)

[6] Following a hearing in which Saylor appeared telephonically, the trial court denied Saylor's motion for return of property and found he had submitted himself to the personal jurisdiction of the court. The trial court went on to explain that because the initial default judgment granted to DWD "was determined by the Indiana Court of Appeals to be void on a procedural basis (lack of personal jurisdiction), and not due to any factual basis or invalid claim, the substantive nature of the claim has not changed and [DWD] still has a right to pursue a final judgment." (*Id*. at 45.) Saylor attempted to pursue a discretionary interlocutory appeal of the trial court's order on his motion for return of property, but we denied the motion for interlocutory appeal on December 5, 2018. *Saylor v. State*, 18A-CC-02580, *slip op*. at *2. (Ind. Ct. App. Dec. 5, 2018).

[7] Saylor subsequently filed a motion to dismiss DWD's complaint pursuant to Indiana Trial Rule 41 on January 9, 2019, and the trial court denied Saylor's motion on February 5, 2019. DWD filed a motion for summary judgment on December 6, 2019. DWD argued the administrative order finding Saylor illegally received unemployment benefits while incarcerated was a final agency order not subject to collateral attack and, therefore, DWD was entitled to collect on that action. Saylor argued the trial court lacked personal jurisdiction over him because DWD never properly served him, and he argued the ALJ's order dismissing his appeal in the administrative action was not a valid agency action. On January 10, 2020, the trial court granted DWD's motion for summary judgment and entered judgment in favor of DWD for $1,621.76.

# Discussion and Decision

[8] Initially, we note Saylor proceeds before this court pro se. A pro se litigant "is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016), *reh'g denied*. Pro se litigants have "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Zavodnik*, 17 N.E.3d at 266 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

# A. Personal Jurisdiction

Saylor argues DWD never properly served him and, therefore, the trial court never acquired personal jurisdiction over him. "Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person. The existence of personal jurisdiction over a defendant is a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment." *Keesling v. Winstead*, 858 N.E.2d 996, 1000 (Ind. Ct. App. 2006) (internal quotation marks and citation omitted). It is generally within the trial court's discretion to determine facts that may decide whether the court possesses personal jurisdiction over a litigant. *Id*. However, once those jurisdictional facts are determined, the existence of personal jurisdiction is a question of law, which we review de novo. *Id*. at 1001.

An individual "who seeks affirmative relief from a court voluntarily submits himself to the jurisdiction of the court, and is thereafter estopped from challenging the court's personal jurisdiction." *Sims v. Beamer*, 757 N.E.2d 1021, 1025 n.3 (Ind. Ct. App. 2001). Similarly, a litigant "can waive lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction." *Heartland Resources, Inc. v. Bedel*, 903 N.E.2d 1004, 1007 (Ind. Ct. App. 2009). "Even if a party timely objects to jurisdiction, it may still be estopped from raising a jurisdictional challenge 'if subsequent actions by the [party] go beyond matters of defense and seek affirmative relief from the court.'" *Allen v. Proksch*, 832 N.E.2d 1080, 1096-

97 (Ind. Ct. App. 2005) (quoting *Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp.*, 719 N.E.2d 824, 830 (Ind. Ct. App. 1999), *reh'g denied, trans. denied*).

[11] Our first opinion in the collection action vacated the default judgment entered against Saylor, but it did not prohibit DWD from continuing to pursue the collection action. *See Saylor v. State*, 47A04-1611-CC-2641, 2018 WL 895547, at *1 (Ind. Ct. App. Feb. 15, 2018). On remand, Saylor sought affirmative relief from the trial court when he petitioned the court to order DWD to return his intercepted tax refunds. Thus, Saylor submitted himself to the trial court's jurisdiction, and the trial court had personal jurisdiction over him when it granted DWD's motion for summary judgment in 2020. *See Allen*, 832 N.E.2d at 1097 (holding father estopped from challenging trial court's jurisdiction over child custody case when father filed motion to modify custody and information for contempt in the court).

## B. DWD's Summary Judgment Motion

[12] Saylor also argues the trial court erred in granting summary judgment in favor of DWD. Our standard for reviewing a trial court's order on summary judgment is well-settled.

> We review summary judgment using the same standard as the trial court: summary judgment is appropriate only where the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016). All facts and reasonable inferences are construed in favor of the non-

moving party. *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 137 (Ind. 2016). Where the challenge to summary judgment raises questions of law, we review them *de novo*. *Rogers*, 63 N.E.3d at 320.

*ONB Ins. Group, Inc. v. Estate of Megel*, 107 N.E.3d 484, 489 (Ind. Ct. App. 2018), *reh'g denied*, *trans. denied*. "An issue is 'genuine' if a trier of fact is required to resolve the truth of the matter; a fact is 'material' if its resolution affects the outcome of the case." *Henderson v. Kleinman*, 103 N.E.3d 683, 686 (Ind. Ct. App. 2018) (quoting *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014)).

[13] A party cannot collaterally attack a final agency action in a suit to enforce the action. In *Yellow Cab Co. of Bloomington, Inc. v. Williams*, the Yellow Cab Company sought judicial review of the Bloomington Human Rights Commission's order directing the company to pay $1500 to Williams after a cab driver refused to serve Williams because of her race. 583 N.E.2d 774, 776 (Ind. Ct. App. 1991), *trans. denied*. The Yellow Cab Company did not timely file the agency record, and the trial court dismissed the company's petition for judicial review. *Id*. The Commission then filed a petition to enforce its administrative action when the Yellow Cab Company failed to pay Williams. *Id*. at 777. We held that because the Yellow Cab Company failed to comply with the statutory procedures for challenging the Commission's action through a petition for judicial review, the Yellow Cab Company could not collaterally attack the administrative order in a proceeding to enforce the administrative order. *Id*. at 779. Like the Yellow Cab Company, Saylor did not avail himself of the proper

procedures to contest the administrative action, and therefore, he may not collaterally attack the administrative action in the present collection action.

[14] Saylor further contends, "If this matter had been dismissed, the summary judgment could not be filed. Since the dismissal was warranted under Trial Rule 41, summary judgment should not have been available to DWD and the order should be reversed." (Appellant's Br. at 9.) Trial Rule 41(E) outlines a procedure for dismissing a case due to failure to prosecute if no action has been taken in the case for a period of sixty days. Saylor attempted to appeal the trial court's order denying his motion for return of property. The chronological case summary indicates the completion of clerk's record was filed on November 16, 2018, depriving the trial court of jurisdiction. *See* Ind. Appellate Rule 8 ("The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary."). We remanded the case back to the trial court on December 5, 2018, and Saylor filed his motion to dismiss only thirty-five days later, on January 9, 2019. Therefore, Saylor's motion was premature and the trial court properly denied it.[3] The trial court did not err in granting summary judgment in favor of DWD because

---

[3] Saylor asserts the trial court "threatened Saylor with monetary penalties that he could and cannot afford," and he "was denied Due Process of Law." (Appellant's Br. at 8.) However, Saylor fails to develop such arguments in his brief, and they are consequently waived. *See Tavake v. State*, 131 N.E.3d 696, 702 n.3 (Ind. Ct. App. 2019) (holding appellant waived argument regarding alleged jury instruction error because he failed to develop a cogent argument on appeal), *trans. denied*. Waiver notwithstanding, the trial court in a civil action may order a party to pay the opposing party's attorney fees if the party continues to litigate an "action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless[.]" Ind. Code § 34-52-1-1(b). Thus, Saylor has not demonstrated error.

Saylor did not properly contest DWD's administrative action and his arguments in the collection action to avoid enforcement of the ALJ's order lack support in law. *See Kelley v. Med-1 Solutions, LLC*, 952 N.E.2d 817, 831 (Ind. Ct. App. 2011) (holding trial court properly granted collection agency's motion for summary judgment in action to collect medical debt), *trans. denied*.

# Conclusion

We affirm the trial court's order granting summary judgment for DWD because the trial court had personal jurisdiction over Saylor and DWD is entitled to enforce the ALJ's decision requiring Saylor to repay unemployment benefits he illegally obtained.

Affirmed.

Riley, J., and Altice, J., concur.